PERFECTION GEAR COMPANY, Appellant, *v.* CORNELIUSSEN & STAKGOLD, INC., Respondent.

*Per Curiam.* *Matter of Thompson* (6 Dem. 56) in holding that a second surety may be justified from the excess of assets of the first, properly applied section 813 of the Code of Civil Procedure, the predecessor statute to section 152 of the Civil Practice Act. This interpretation was supported by the commissioner's notes to the Code of Remedial Justice (1876), in which with reference to section 813 of the Code of Civil Procedure it was stated: "New; designed to provide for certain cases of hardship, which are very likely to occur, in

accordance with the principle of the last clause of Co. Proc., § 194. See, also, id., § 339. This section is so framed as to prevent a party, who is required to furnish two sureties, justifying in thirty thousand dollars each, from furnishing, for instance, one to justify in fifty thousand dollars, and two in five thousand dollars each."

That section we thus see was to prevent a particular abuse of an otherwise salutary practice.

Section 813 of the Code of Civil Procedure, in turn, stems from section 194 of the Code of Procedure, and before that, from section 169 of the Code of Procedure, as enacted in 1848, which earlier sections read as follows:

" The qualifications of bail must be as follows:

" 1. Each of them must be a resident, and householder or freeholder, within the state.

" 2. They must each be worth the amount specified in the order of arrest exclusive of property exempt from execution; but the judge, * * * on justification, may allow more than two bail to justify severally in amounts less than that expressed in the order, if the whole justification be equivalent to that of two sufficient bail."

Hence, the contemporary comments and the history of the section make clear the meaning of section 152 of the Civil Practice Act, and it was properly construed by the learned Special Term.

The order denying motion to hold defendant's undertaking on appeal insufficient on its face should be affirmed, with $20 costs and disbursements to respondent.

Dore, J. P., Callahan, Breitel, Bastow and Botein, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondent.